UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER LEON SMITH,

        Plaintiff,

    v.

PIERCE COUNTY CORRECTIONAL FACILITY, *et al*.,

        Defendants.

CASE NO. C09-5269FDB

ORDER

This Civil Rights Action has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge's Rule MJR3 and MJR4.

The Clerk's office has received two packets of pleadings from Mr. Smith which they had trouble interpreting. The packets are dated as having been received August 14, 2009, and August 26, 2009. The court has examined the documents.

The first packet contains the documents Mr. Smith apparently wishes the court to consider when it rules on a pending motion to dismiss. The clerk's office is directed to file this packet as Mr. Smith's response to the pending motion to dismiss. Many of these documents are not identified or in sufficient form to warrant consideration. Plaintiff is reminded that the court

ORDER - 1

will only consider admissible evidence in response to the motion to dismiss and the failure to follow court procedures when filing documents may result in those materials not being considered by the court. Plaintiff is invited to file any other appropriate materials in response to the motion to dismiss in accordance with the court rules. The motion to dismiss, (Dkt. # 18), has been re-noted for September 25, 2009. This gives the defendants adequate time to file a reply if they so choose.

That same packet also contains another request for appointment of counsel. The court had denied plaintiff's request for appointment of counsel (Dkt # 25). To the extent the packet contains another request for appointment of counsel, the motion is DENIED.

The second packet, received August 26, 2009, appears to be a supplement to the complaint that attempts to add claims against Captain Spencer, Lieutenant Ginga, and Sergeant Pero regarding plaintiff's classification when he returned to the jail. Plaintiff alleges that he was placed in segregation on his return to the jail in retaliation for this action being filed. Fed. R. Civ. P 15 (a) gives plaintiff the ability to amend the complaint once as a matter of course prior to an answer or responsive pleading being filed. A motion to dismiss is not considered a responsive pleading. Therefore, the motion to amend to include supplemental claims is GRANTED. The complaint received August 26, 2009, will be considered a supplement to the original complaint. Defendants have thirty days to file an answer to the supplemental complaint or any other appropriate responsive filing in accordance with the rules prior to that date.

DATED this 31st day of August, 2009.

J. Richard Creatura
United States Magistrate Judge