UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER LEON SMITH,

        Plaintiff,

v.

PIERCE COUNTY JAIL, *et al*.,

        Defendants.

No. 09-5269 FDB

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

      This matter comes before the Court on the recommendation of the Magistrate Judge that Defendants' motion to dismiss this civil rights action be denied with leave to renew the motion, and the motion to strike pleadings of Plaintiff be denied. The Defendants have objected to the Report and Recommendation.

      The Magistrate Judge recommends that this Court "allow the issue of exhaustion of state remedies to be raised in a subsequent dispositive motion after discovery has been conducted." This recommendation arises from Plaintiff's allegation that he could not exhaust the grievance process because the jail personnel refused to process his grievances.

      The Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies prior to filing a complaint in federal court. The relevant portion of the act states:

ORDER ADOPTING REPORT AND RECOMMENDATION- 1

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Supreme Court has determined that Congress enacted the provision in order to reduce the quantity and improve the quality of prisoner suits. Porter v. Nussle, 534 U.S. 516 (2002). By mandating exhaustion, Congress enabled corrections officials to address prisoner complaints internally. Where exhaustion was once discretionary, it is now mandatory. All available remedies must now be exhausted; those remedies need not meet federal standards, nor must they be plain, speedy, and effective. Porter v. Nussle, 534 U.S. 516 (2002).

The PLRA exhaustion requirement is an affirmative defence. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendants have the burden of raising and proving the absence of exhaustion. Id. There can be no "absence of exhaustion" unless some relief remains "available," and a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Brown v. Valoff, 422 F.2d 926, 937 (9th Cir. 2005).

The Defendants have established by sworn affidavit that Plaintiff has filed nine grievances on unrelated matters and one grievance asserting retaliation that he did not appeal. Plaintiff's assertion that he did not have access to the grievance procedure is affirmatively disproved by actual evidence in the record that Plaintiff's prior grievances were processed by the jail. Plaintiff's mere argument that the staff would not process or permit him to file a grievance
ORDER ADOPTING REPORT AND RECOMMENDATION- 2

is thus refuted and proven false. Plaintiff has failed to rebut Defendants' evidence showing that administrative remedies were available but Plaintiff chose not to pursue them.[1]

Accordingly, the evidence reflects that Plaintiff Smith filed this lawsuit prematurely and has not yet fully exhausted his administrative remedies. The Court finds the Defendants have met their burden of proving plaintiff has failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a). Claims that are not exhausted must be dismissed and this Court lacks discretion to resolve those claims on the merits. See e.g., McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

The Court, having reviewed the Report and Recommendation of Magistrate Judge J. Richard Creatura, the objections thereto, and the remaining record, does hereby find and ORDER:

(1) The Court declines to adopt the Report and Recommendation;

(2) The motion to dismiss this action is **GRANTED** for failure to exhaust administrative remedies.

(3) Plaintiff's complaint is **DISMISSED**, without prejudice.

(4) The Clerk is directed to send copies of this Order to plaintiff, and to the Hon. J. Richard Creatura.

DATED this 3rd day of November, 2009.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's motion for appointment of counsel [Dkt # 47] and to add additional documents for review [Dkt. # 48] are denied.

ORDER ADOPTING REPORT AND RECOMMENDATION- 3